**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**METROPOLITAN LIFE INSURANCE COMPANY**                              **PLAINTIFF**

**VS.**                                                                                   NO. 3:23-cv-251-TSL-MTP

**BRITTANY J. GLENN, CELIA C. GLENN, NICHOLAS
L. GLENN, and MARIA E. GLENN**                                              **DEFENDANTS**

**COMPLAINT FOR INTERPLEADER AND DECLARATORY JUDGMENT**

**COMES NOW**, Metropolitan Life Insurance Company ("MetLife"), pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, Rule 22 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1335, 28 U.S.C. § 2201 and 28 U.S.C. § 2202, and files its Complaint for Interpleader and Declaratory Judgment, and would show unto the court the following matters and facts, to wit:

**PARTIES**

1. Plaintiff, MetLife, is an insurance company organized and existing under the laws of the State of New York, with its principal place of business in New York. During all times mentioned herein, MetLife was authorized and licensed to do business and was doing business in the State of Mississippi.

2. Brittany J. Glenn is an adult resident citizen of Champaign, Illinois, and may be served with process by mail to her mailing address of 1905 Rugby Rd., Champaign, IL 61820.

3. Celia C. Glenn is an adult resident citizen of Champaign, Illinois, and may be served with process by mail to her mailing address of 613 Bardeen Lane, Champaign, IL 61820.

4. On information and belief, Nicholas L. Glenn is an adult resident citizen of Mississippi, and may be served with process at 301 Rue Chateau Rd., Ridgeland, MS 39157.

5. On information and belief, Maria E. Glenn is an adult resident citizen of Mississippi, and may be served with process at 301 Rue Chateau Rd., Ridgeland, MS 39157.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 because the action arises under the Federal Employees' Group Life Insurance Act ("FEGLIA"), 5 U.S.C. § 8701, et seq.

7. In addition, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the citizenship of the Plaintiff is completely diverse from the citizenship of the Defendants. This Court also has jurisdiction under 28 U.S.C. § 1335 (statutory interpleader) because two or more of the defendant-claimants have diverse citizenship and are claiming entitlement to life insurance benefits in MetLife's custody the value of which exceeds $500.

8. Venue is appropriate in the United States District Court for the Southern District of Mississippi, Northern Division, pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in this judicial district.

## CAUSE OF ACTION FOR INTERPLEADER

9. Yvette Glenn (the "Decedent"), as a federal employee was covered under the FEGLI Program pursuant to FEGLIA. The Office of Federal Employees Group Life Insurance ("OFEGLI") is an administrative unit of MetLife responsible for administering claims for FEGLI benefits under the FEGLI Program.

10. All record keeping for employees under the FEGLI Program is done either by the federal employee's agency or the United States Office of Personnel Management ("OPM"). OFEGLI becomes involved only following a claim for FEGLI benefits. At that point, documents

from the decedent's personnel file that are relevant to adjudication of claims for the decedent's FEGLI benefits are forwarded to OFEGLI by the record keeper (here, the United States Department of Veterans Affairs). OFEGLI then adjudicates the claims.

11. Federal law governs the payment of life insurance benefits payable under FEGLIA. FEGLIA, 5 U.S.C. § 8705, provides, in pertinent part, that:

> (a) Except as provided in subsection (e), the amount of group life insurance and group accidental death insurance in force on an employee at the date of his death shall be paid, on the establishment of a valid claim, to the person or persons surviving at the date of his death, in the following order of precedence:
>
> First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office or, if insured because of receipt of annuity or of benefits under subchapter I of chapter 81 of this title as provided by section 8706(b) of this title, in the Office of Personnel Management. For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect.
>
> Second, if there is no designated beneficiary, to the widow or widower of the employee.
>
> Third, if none of the above, to the child or children of the employee and descendants of deceased children by representation.
>
> Fourth, if none of the above, to the parents of the employee or the survivor of them.
>
> Fifth, if none of the above, to the duly appointed executor or administrator of the estate of the employee.
>
> Sixth, if none of the above, to other next of kin of the employee entitled under the laws of the domicile of the employee at the date of his death.

12. On August 25, 2022, the Decedent executed an OPM Standard Form (SF) 2823 FEGLI Designation of Beneficiary form in which she designated beneficiaries as follows:

| B. Information About the Beneficiary or Beneficiaries (See Back of Part 1 for examples) (type or print) | | | | |
|---|---|---|---|---|
| First name, middle initial, and last name of each beneficiary | Social Security Number | Address (Including ZIP Code) | Relationship | Percent or fraction designated |
| Brittany J. Glenn |  | 1905 Rugby Rd Champaign, IL 61820 | Daughter | 10 |
| Celia C Glenn |  | 613 Bardeen Ln Champaign, IL 61820 | Daughter | 10 |
| Nicholas L Glenn |  | 301 Rue Chateau Rd Ridgeland MS 39157 | Son | 10 |
| Maria E. Glenn |  | 301 Rue Chateau Rd Ridgeland MS 39157 | Daughter | 10 |
| Raquel A. Conerly |  | 1525 Hedge Rd Champaign, IL 61821 | Mother | 60 |
| Total (Must equal 100% or 1 0) (Do not use dollar amounts) (Do not put a Total if you designated types of insurance See example 4 on Back of Part 1 ) | | | | 100 |

[A true and correct copy of the Decedent's Designation of Beneficiary is attached hereto as Exhibit A].

13. The Decedent's Designation of Beneficiary is a written document which Decedent signed, which was witnessed by two people, and which was received by the Department of Veterans Affairs on September 1, 2022. [See Exhibit A.]

14. The Decedent died on September 4, 2022 in Ridgeland, Mississippi. [A true and correct copy of the Decedent's death certificate is attached hereto as Exhibit B].

15. At the time of her death, the Decedent had FEGLI coverage in the amount of $717,000.00 ("FEGLI Benefits").

16. As a result of the Decedent's death, the FEGLI Benefits became payable to the proper beneficiary or beneficiaries.

17. On or about November 7, 2022, OFEGLI received a claim from Raquel A. Conerly for her portion of Decedent's FEGLI Benefits. [A true and correct copy of Conerly's claim is attached hereto as Exhibit C].

18. On or about January 4, 2023, MetLife issued payment, in good faith, and in accordance with FEGLIA, in the amount of $430,200, which represented 60% of the subject FEGLI proceeds payable in accordance with the last beneficiary designation form on file with the

Department of Veterans Affairs.

19. On January 24, 2023, Brittany Glenn called MetLife and identified herself as a child of the insured. According to the notes made and maintained contemporaneously regarding that call, Brittany Glenn stated that she is the designated beneficiary; that her attorney advised her and her family not to complete any claim forms; that they feel the OPM Standard Form (SF) 2823 FEGLI Designation of Beneficiary form was done against her Mother's will and she was sick. The MetLife representative who took the call advised Brittany Glenn that she could search Google to find the claim form FE-6 and mailing instructions, and that a letter of representation was needed from her attorney. Brittany Glenn stated that she wanted to know specifically what her attorney needed to send in, and she was advised that the attorney would know what is needed in a case like this. She requested a call back from a Claims Quality Specialist within 48 hours.[1] [A true and correct copy of MetLife's Phone Slip for that call is attached hereto as Exhibit D.]

20. Also on January 24, 2023, representatives from MetLife attempted to call back Brittany Glenn three times. [True and correct copies of MetLife's Phone Slips for those calls are attached hereto as collective Exhibit E.]

21. By letter dated January 26, 2023, attorney Cody Gibson advised that he represented the Estate of Yvette Conerly Glenn and Brittany Glenn as the Administrator, that the heirs of the Estate were Brittany Glenn, Celia Glenn, Maria Glenn, and Nicholas Glenn, and that it was their contention that the beneficiary was wrongfully changed by Rita Conerly and Rachel Conerly before Ms. Yvette Conerly Glenn's death when Ms. Yvette Conerly was in poor health. [A true and correct copy of said correspondence is attached hereto as Exhibit F.]

---

[1] The actual note on the phone slip was written in an abbreviated form and states as follows: "she is desg bene her atty- hes advs her and her family not to complete any cf --they feel that 2823 was done against her mothers will and she was sick adv google cf fe6 for cf and mlg instructions-ltr of rep for atty .. she wanted to know specifics what atty needs to send in to us adv that atty know what os needed in a case like this .. and she req CQS 48 hours." [See Exhibit D]

22. By e-mail on January 29, 2023, Brittany Glenn further advised MetLife as follows:

> Hello, my mother passed away on September 4th 2022. She was placed on hospice August 27th 2022 due to her medical condition. My mother was unable to make any sound judgement or decisions in 2022 due to medications and diagnoses of stage 4 cancer. She was later non verbal/ not able to function on August 23rd in which the beneficiary for the life insurance was last sent in was August 25th 2022, it is impossible that my mother would have been able to fill this out or sign it to send in to her employer. *** We also know that my mothers beneficiary form for her life insurance with MetLife was either foraged (sic) or she was coerced this year due to her medical state. *** Per the policy the original beneficiaries were her 4 children (Brittany Glenn, celia Glenn, Nicholas Glenn, and Maria Glenn)
>
> *** Today we received paperwork to claim my mothers insurance, we do want to assure that these funds are not wrongly distributed prior to you reviewing the file for correct beneficiaries and my lawyer taking this matter in front of a judge. Thanks

[A true and correct copy of the e-mail is attached hereto as Exhibit G.]

23. By letter of January 31, 2023, OFEGLI responded to Attorney Cody Gibson acknowledging that his client(s) were contesting the 08/25/2022 designation of beneficiary form based on Yvette Glenn's mental competency and requesting that documentation be submitted proving said claim. [A true and correct copy of said correspondence is attached hereto as Exhibit H.]

24. On February 3, 2023, Brittany Glenn, Individually and as Administrator of the Estate of Yvette Conerly Glenn, Deceased, filed a Complaint in the Chancery Court of Madison County, Mississippi, Cause No. 2023-148C naming as Defendant Rita Conerly, Individually and in her capacity as Agent pursuant to a Durable Power of Attorney of Yvette Conerly, Glenn, Deceased and naming as Interested Parties Metropolitan Life Insurance Company, incorrectly named in the Complaint as "MetLife Insurance Company (FEGLI)," and "Rachel (sic) Conerly." Although not named in the style of the Complaint, paragraphs 5 through 7 of the body thereof names Nicholas Lee Allen Glenn, Maria Eliana Glenn, and Celia Chelsea Glenn as interested parties and states that they "will file a joinder with the Court." Notwithstanding, a review of the

docket shows that no such joinders have been filed. [True and correct copies of the Complaint and Docket are attached hereto as Exhibits I and J respectively.]

25. Through the aforesaid Complaint, Brittany Glenn "requests that Interested Party, MetLife, interplead the funds to the Chancery Clerk of Madison, Mississippi until the Court can determine who is proper party to receive the policy benefits." [¶ 32, Exhibit I]

26. The FEGLI Proceeds for the Decedent are payable in accordance with the last valid beneficiary designation form signed by the Decedent and received in the employing office before the Insured's death. 5 U.S.C. § 8705(a).

27. On March 2, 2022, the Decedent executed an OPM Standard Form (SF) 2823 FEGLI Designation of Beneficiary form in which she designated beneficiaries as follows:

| First name, middle initial, and last name of each beneficiary | Social Security Number | Address (Including ZIP code) | Relationship | Percent or fraction designated |
|---|---|---|---|---|
| BRITTANY J GLENN | | 1905 RUGBY RD, CHAMPAIGN, IL 61820 | DAUGHTER | 20 |
| CELIA C GLENN | | 613 BARDEEN LN, CHAMPAIGN, IL 61821 | DAUGHTER | 20 |
| NICHOLAS L GLENN | | 301 RUE CHATEAU RD, RIDGELAND, MS 39216 | SON | 20 |
| MARIA E GLENN | | 301 RUE CHATEAU RD., RIDGELAND, MS 39216 | DAUGHTER | 40 |
| | | | Total | 100 |

Total (Must equal 100% or 1 0) (Do not use dollar amounts) (Do not put a Total if you designated types of Insurance See example 4 on Back of Part 1.)

[A true and correct copy of the Decedent's 3/02/2022 Designation of Beneficiary is attached hereto as Exhibit K].

28. The Decedent's 3/02/2022 Designation of Beneficiary is a written document which Decedent signed, which was witnessed by two people, and which was received by the Department of Veterans Affairs on March 2, 2022. [See Exhibit K.]

7

29. The Decedent's aforesaid 3/02/2022 Designation of Beneficiary form was the last properly executed, witnessed, and received designation of beneficiary prior to the disputed 8/25/2022 designation.

30. As set forth in paragraph 13 above, under the 8/25/2022 designation of beneficiaries, 60% of the FEGLI proceeds were payable to Raquel A. Conerly, which sum has been paid, with the remaining 40% payable equally, 10% each in the amount of $71,700, to the Defendants herein being the four children of the Decedent.

31. However, if the 8/25/2022 designation of beneficiary is not valid, then pursuant to the 3/02/2022 designation, Defendants Brittany Glenn, Celia Glenn, and Nicholas Glenn are each entitled to payment from MetLife of $57,360 representing 20% of the remaining proceeds while Maria Glenn is entitled to payment from MetLife of $114,720 representing 40% of the remaining proceeds.

32. Defendants have not completed and/or submitted claim form(s) to MetLife for the FEGLI proceeds. However, Defendants have, through counsel, advised MetLife, through the undersigned counsel, that they have agreed among themselves to accept the remaining 40% of the FEGLI proceeds to be deposited "in a joint account with Brittany Glenn to act as the administrator of the funds, which are to be first utilized to settle issues with the Estate of Yvette Glenn and contest the life insurance and retirement benefit designations of Yvette Glenn naming Rachel Conerly as the beneficiary" and each of the Defendants "will receive 25% of the remaining funds after the estate and beneficiary designation disputes are resolved." [A true and correct copy of said agreement is attached hereto as Exhibit L.]

33. Notwithstanding any such agreement between Defendants, MetLife must, by law, pay the FEGLI benefits in accordance with the FEGLIA order of precedence, which, as set forth

above, provides that following an employee's death benefits accrue first to the designated beneficiary ahead of other potential recipients. 5 U.S.C. § 8705(a).

34. MetLife cannot determine whether payment to the Defendants should be made pursuant to the 8/25/2022 designation of beneficiary or the previous 3/02/2022 designation without risking exposure to multiple and vexatious litigation and/or liability at some point in the future. MetLife cannot pay the remaining 40% of the FEGLI proceeds without assuming the responsibility of determining doubtful questions of law and fact.

35. As a mere stakeholder, MetLife claims no interest in the 40% of the FEGLI proceeds which remain due and owing and does not in any respect collude with anyone touching the matters in this action.

36. Having already made a good faith payment of 60% of the subject FEGLI proceeds, MetLife is now and at all times has been ready and willing to pay the remaining 40% of the subject FEGLI Proceeds in the amount of $286,800, with applicable interest, if any, to the Defendants in the percentages and amounts to which they are legally entitled.

37. MetLife will deposit into the Registry of the Court the remaining 40% of the subject FEGLI Proceeds in the amount of $286,800, plus any applicable interest due and owing under FEGLIA, for disbursement in accordance with the Judgment of this Court.

**CAUSE OF ACTION FOR DECLARATORY JUDGMENT**

38. MetLife adopts, re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 37 above in their entirety.

39. While maintaining that the 8/25/2022 designation of beneficiaries is not valid, Defendants nonetheless have requested that MetLife pay the remaining 40% of FEGLI proceeds to them equally, consistent with the 8/25/2022 designation, to be paid into a joint account to be

utilized, at least in part, to "contest the life insurance … designations of Yvette Glenn naming Rachel (sic) Conerly as the beneficiary." [See Exhibit L]

40. Moreover, Defendants request that MetLife do so while they, at the same time, are not willing to release any claims they may have against MetLife for its payment of 60% of the FEGLI proceeds to Raquel Conerly.

41. On November 7, 2022, more than two months after the death of Yvette Glenn, Raquel Conerly submitted her claim to OFEGLI.

42. On or about January 4, 2023, MetLife made payment to Raquel Conerly in the amount of $430,200, representing 60% of the subject FEGLI proceeds.

43. MetLife's payment to Raquel Conerly was made in accordance with FEGLIA and pursuant to and consistent with the 8/25/2022 beneficiary designation of the Decedent, was made approximately two months after Raquel Conerly submitted her claim and four months after the death of Yvette Glenn, and was made before Defendants, or any of them, notified MetLife of their contention that the 8/25/2022 designation was not valid.

44. Accordingly, MetLife's payment to Raquel Conerly was made in good faith and operated to discharge its liability for 60% of the FEGLI proceeds payable as a result of the death of Yvette Conerly Glenn.

**WHEREFORE, PREMISES CONSIDERED**, MetLife prays as follows:

A. That the aforementioned sum subject to interpleader be accepted into the registry of this Court to be held in an interest-bearing account for future disbursement to the Defendants in the proper amounts as adjudged by the Court.

B. That the Defendants, and each of them, be permanently enjoined from instituting or prosecuting against MetLife any proceeding in any state or United States Court or administrative

tribunal affecting the insurance benefits under the FEGLI Policy and on account of the death of Yvette Conerly Glenn, and that said injunction issue without bond or surety.

   C. That the Defendants, and each of them, be required to make full and complete answer setting forth their claims to the as yet unpaid 40% of the subject FEGLI proceeds in the amount of $286,800.

   D. That an award be made to MetLife out of the funds to be deposited into this Court to pay for attorney's fees and costs which MetLife is compelled to expend in the prosecution of this Complaint for Interpleader.

   E. That the Court declare and determine that MetLife has no further liability beyond its admitted liability of $286,800, plus applicable interest to Defendants for FEGLI proceeds as a result of the Decedent's death.

   F. MetLife prays for such other and further relief as the Court deems equitable and just.

   This, the 11th day of April, 2023.

                Respectfully submitted,

                **METROPOLITAN LIFE INSURANCE COMPANY**

          By: *s/Kenna L. Mansfield, Jr.*
              Kenna L. Mansfield, Jr. (MSB #1855)
              Its Attorney

**OF COUNSEL:**

**WELLS MARBLE & HURST, PLLC**
300 Concourse Blvd., Suite 200
Ridgeland, MS 39157
Post Office Box 131
Jackson, MS 39205-0131
Telephone: (601) 605-6900
Facsimile: (601) 605-6901
kmansfield@wellsmar.com